WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020-1095
(212) 819-8200
John K. Cunningham
Ricardo M. Pasianotto

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (admitted *pro hac vice*)
Amanda Parra Criste (admitted *pro hac vice*)

111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
(312) 881-5400
Jason N. Zakia (admitted *pro hac vice*)

*Attorneys for Antonio Reinaldo Rabelo Filho,*
*as Petitioner and Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 24-11226 (MG) |
| InterCement Brasil S.A., *et al.*,[1] | Chapter 15 |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

**STATEMENT NOTIFYING THE COURT OF FOREIGN DEVELOPMENTS**
**REGARDING THE CHAPTER 15 DEBTORS PURSUANT TO 11 U.S.C. § 1518**

---

[1]     The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: InterCement Brasil S.A. (01-36 – Brazil); InterCement Participações S.A. (01-22 – Brazil); InterCement Financial Operations B.V. (3771 – Netherlands); and InterCement Trading e Inversiones S.A. (7798 – Spain).

Antonio Reinaldo Rabelo Filho (the "**Foreign Representative**"), the duly-authorized foreign representative of InterCement Brasil S.A. ("**ICB**"), InterCement Participações S.A. ("**ICP**"), InterCement Financial Operations B.V. ("**IC Financial**"), and InterCement Trading e Inversiones S.A. ("**ITI**," together with ICB, ICP, and IC Financial, the "**Chapter 15 Debtors**") in the jointly-administered protective injunction proceeding in support of a court supervised interim mediation process (the "**Brazilian Mediation**")[1] that is in furtherance or in preparation of either an extrajudicial proceeding (*recuperação extrajudicial*) (the "**Brazilian EJ**") or a judicial reorganization (*recuperação judicial*) (the "**Brazilian RJ**" and, collectively with the Brazilian Mediation and Brazilian EJ, the "**Brazilian Proceeding**") of the Chapter 15 Debtors and certain of their affiliated debtors commenced on July 15, 2024 pursuant to Federal Law No. 11.101 of February 9, 2005 of the laws of the Federative Republic of Brazil, pending before the 1st Bankruptcy and Restructuring Court of São Paulo, by and through his undersigned counsel, respectfully submits this statement pursuant to section 1518 of title 11 of the United States Code to inform this Court of two developments regarding foreign proceedings of ITI and IC Financial.

### ITI:  Pre-Insolvency Notice Received By Spanish Court

1.      As disclosed in the *Petitioner's Declaration and Verified Petition for Recognition of the Brazilian Proceeding and Motion for Order Granting Related Relief Pursuant to 11 U.S.C. §§ 105(A), 1515, 1517, 1520, and 1521*, ¶ 66 [ECF No. 2] (the "**Verified Petition**"),[2] on July 16, 2024, Chapter 15 Debtor, ITI filed a notice (the "**Spanish Notice**") of its commencement of pre-insolvency proceedings in the Commercial Court No. 2 of Bilbao, Spain (the "**Spanish Court**"). On July 24, 2024, the Spanish Court provided notice of its issuance of an order (on July 19, 2024)

---

[1]      For ease of reference, the term "Brazilian Mediation" refers to both the protective injunction proceeding and the court supervised mediation process collectively.

[2]      Capitalized terms not otherwise defined in this Notice shall have the meanings given to such terms in the Verified Petition.

accepting the Spanish Notice (the "**Spanish Order**"). As a result, under Spanish insolvency law, all creditor enforcement actions against rights and assets owned by ITI that are necessary for its business activity are stayed for a three (3) month period retroactively commencing on July 16, 2024.[3] A certified translation of the Spanish Order is attached as **Exhibit A**.

**IC Financial: Dutch Court Orders Cooling Off Period and Appointment of Observer**

2.      As disclosed in the Verified Petition, on July 9, 2024, a holder of NY Notes filed a petition in the Amsterdam Court (Private Law Department) (the "**Dutch Court**") seeking the appointment of a restructuring expert under the Dutch extrajudicial restructuring scheme (*Wet homologatie onderhands akkoord*) (the "**WHOA**").[4] On July 17, 2024, IC Financial responded to such petition objecting to the request for appointment of a restructuring expert and requesting a four (4) month cooling off period under the WHOA.

3.      On July 31, 2024, the Dutch Court issued an order (the "**Dutch Order**") denying the request for appointment of a restructuring expert and granting IC Financial's request for a four (4) month cooling off period commencing on July 31, 2024. As a result, during such period, all third parties that have received notice of the cooling off period are prohibited from exercising any right to recover on their claims against IC Financial, except with the express authorization of the Dutch Court. The Dutch Court also appointed Mr. Frederic Verhoeven as an observer pursuant to Section 380 of the WHOA to, among other things, supervise the formation of a restructuring plan for IC Financial under the WHOA and provide a written progress report to the Dutch Court within two (2) months of the Dutch Order. On August 2, 2024, IC Financial provided notice of the Dutch

---

[3]      The Spanish Order provides that it shall have all effects "established in Section 594 to 606 of the consolidated text of the Insolvency Act" and Section 600 of the Spanish Insolvency Act expressly provides for the stay of all judicial or extrajudicial enforcement actions against rights and assets owned by ITI which are necessary for its business activity within three (3) months from the notice. As an exception to the foregoing, financial guarantees subject to *Real Decreto 5/2005* are not stayed.

[4]      *See* Verified Petition ¶ 25. A certified translation of the petition to appoint a restructuring expert is attached as Exhibit G to the Verified Petition.

Order to the Indenture Trustee and requested that it notify the holders of the NY Notes of the cooling off period and appointment of the observer.  A certified translation of the Dutch Order is attached as **Exhibit B**.

### Conclusion

4.      Both ITI and IC Financial are debtors in the Brazilian Proceeding and participating in the Brazilian Mediation.  Entry of the Spanish Order and the Dutch Order have no immediate impact on the Brazilian Mediation, which is ongoing and continues to progress.  The Foreign Representative will continue to keep the Court apprised of further developments with respect to the Brazilian Proceeding and the proceedings in Spain and the Netherlands.

Dated:  August 6, 2024
New York, New York

Respectfully submitted,

WHITE & CASE LLP

By:  */s/ John K. Cunningham*
        John K. Cunningham

**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020-1095
(212) 819-8200
John K. Cunningham
Ricardo M. Pasianotto
jcunningham@whitecase.com
ricardo.pasianotto@whitecase.com

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (admitted *pro hac vice*)
Amanda Parra Criste (admitted *pro hac vice*)
rkebrdle@whitecase.com
aparracriste@whitecase.com

111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
(312) 881-5400
Jason N. Zakia (admitted *pro hac vice*)
jzakia@whitecase.com

*Attorneys for Antonio Reinaldo Rabelo Filho,*
*as Foreign Representative*

# <u>EXHIBIT A</u>

**Certified Translation of the Spanish Order**

## Notification 23921024

Court Clerk's Order considering the communication envisaged in sections 585-588-590 of the consolidated text of the Insolvency Act made

Court: Commercial Court no. 2 - Bilbao (Bilbao)

Proceedings: Communication section 5(3) of the Insolvency Act 0000211/2024 0

Notification date: 07-24-2024 8:00:00

Case:

| Intervention / [text in Basque] | Party / [text in Basque] | Lawyer / [text in Basque] | Court agent (*procurador*) / [text in Basque] |
|---|---|---|---|
| Debtor / [text in Basque] | INTERCEMENT TRADING E INVERSIONES ARGENTINA S.L INTERCEMENT TRADING E INVERSIONES ARGENTINA S.L | CARLOS ARA TRIADÚ | YOLANDA ECHEBARRIA GABIÑA |
| Debtor / [text in Basque] | INTERCEMENT TRADING E INVERSIONES S.A. INTERCEMENT TRADING E INVERSIONES S.A. | CARLOS ARA TRIADÚ | YOLANDA ECHEBARRIA GABIÑA |

Data Protection:
The 'Court or Judicial Office' before which claims, complaints or reports, and procedural statements are submitted is the data controller tasked with managing court proceedings, which will use the personal data for the purpose set out in procedural laws. The storage periods and criteria will be those set out in those laws.
Data may only be assigned and/or communicated to third parties (including international Courts) when the processing of the court proceedings so requires or as a result of a legal obligation.
The right of access, rectification, erasure and portability of the personal data, and the restriction of or objection to their processing will be granted in accordance with procedural law, and these rights must be exercised before the Courts. The right to complain to the General Council of the Judiciary, which is the supervisory authority for data processing in court proceedings, may also be exercised.

[text in Basque]

DAVID FORSTER PRINCE
Traductor-Intérprete Jurado de Inglés
Núm. 6257

# Elements of notification 23921024

- **Commercial Court no. 2 - Bilbao (Bilbao)**
  - Communication section 5(3) of the Insolvency Act 0000211/2024 0
    - Court Clerk's Order considering the communication envisaged in sections 585-588-590 of the consolidated text of the Insolvency Act made **(Main document)**

**DAVID RAPADO HERNÁNDEZ**
4F90B067 PMJP 027392 00058
Traductor-Intérprete Jurado de Inglés
Rapado Núm. 6257



JUSTICE
ADMINISTRATION

Commercial Court no. 2 of Bilbao
[text in Basque]

C/ Barroeta Aldamar, 10, 3ª Planta - Bilbao
94-4016688 - mercantil2.bilbao@justizia.eus
0000211/2024 Communication section 5(3) of the Insolvency Act / [text in Basque]
General Identification Number: 4802047120240000773

### COURT CLERK'S ORDER NO. 000162/2024

**ISSUING COURT CLERK:**
Mr. Jaime Mourenza Arriola
**Place:** Bilbao
**Date:** July 19, 2024

### FINDINGS OF FACT

**ONE.-** On July 16, 2024, the court agent Ms. YOLANDA ECHEBARRIA GABIÑA, acting for and on behalf of INTERCEMENT TRADING E INVERSIONES, S.A., with tax identification number A-36907798, and INTERCEMENT TRADING E INVERSIONES ARGENTINA, S.L., with tax identification number B-27882059, submitted a statement outlining that her clients are in a situation of IMMINENT INSOLVENCY and jointly communicating to the court that they have opened negotiations with their creditors to reach a restructuring plan.

She states in the application that the center of INTERCEMENT TRADING E INVERSIONES, S.A.'s main interests is in Bilbao.

**TWO.-** She lists in the application the assets and rights considered necessary for the continuity of the business or professional activity:

a)  Assets owned by ITI ESP:

−  99.99% of the shares comprising the share capital of INTERCEMENT BRASIL, S.A.

−  100% of the shares comprising the share capital of ITI ARG.

b)  Assets owned by ITI ARG: 52.14% of the shares of LOMA NEGRA COMPAÑÍA INDUSTRIAL ARGENTINA, S.A.

Furthermore, the agreements listed below are considered necessary for the continuity of the Companies' activity:

Signed by: Jaime Mourenza Arriola

Date: 07/22/2024 10:59

URL electronic signature/ [text in Basque]: https://psp.justizia.eus/SCDD/index.html

SVC:4802047002-241b8c4d7471196338da8fe40dcba18f8wbDAA==

Justice Administration / [text in Basque]




DAVID [text]
Traductor-Intérprete Jurado de Inglés
Núm. 6257



JUSTICE
ADMINISTRATION

Signed by: Jaime
Mourenza Arriola

Date: 07/22/2024 10:59

URL electronic signature/ [text in Basque]: https://psp.justizia.eus/SCDD/index.html

SVC: 4802047002-241b8c4d747196338da8fe40dcba18f8wbDAA==

&ndash;  Services agreement for the assignment of the office constituting the registered office of ITI ESP, dated September 27, 2022, between Spankor, S.L. and ITI ESP.

&ndash;  Services agreement for the assignment of the office constituting the registered office of ITI ARG, dated March 7, 2023, between Spankor, S.L. and ITI ARG.

&ndash;  Advisory and tax and labor management agreement dated June 13, 2023 between Alea Asesoría Integral, S.L. and ITI ESP.

&ndash;  Advisory and tax and labor management agreement dated June 13, 2023 between Alea Asesoría Integral, S.L. and ITI ARG.

&ndash;  Services agreement for exercising the physical representation of ITI ESP as well as the position of director, dated September 1, 2022, between ITI ESP and Laureano Arostegi Lacabex.

&ndash;  Commission letter for the provision of audit services dated October 23, 2023 between ITI ESP and Ernst & Young, S.L.

&ndash;  Commission letter for the provision of audit services dated October 25, 2023 between ITI ESP and Ernst & Young, S.L.

There is no indication of enforcements against those assets.

**THREE.-** There is no record of applications for declaration of involuntary insolvency.

## FINDINGS OF LAW

**ONE.-** In accordance with section 86 ter of the Spanish Judiciary Act [*Ley Orgánica del Poder Judicial*], this court has subject-matter competence to hear the communication issued.

It also has territorial competence as its territorial demarcation includes the main center of interests of the company with the largest liabilities (section 587(3) of the consolidated text of the Spanish Insolvency Act [*Ley Concursal*], approved by Royal Legislative Decree 1/2020).



EUSKO JAURLARITZA
GOBIERNO VASCO

**DAVID RAPADO HERNÁNDEZ**
Traductor-Intérprete Jurado
Núm. 6257

2



JUSTICE
ADMINISTRATION

Signed by: Jaime Mourenza Arriola

Date: 07/22/2024 10:59

URL electronic signature/ [text in Basque]: https://psp.justizia.eus/SCDD/index.html

SVC: 4802047002-241b8c4d747f196338da8fe40dcba18f8webDAA===

**TWO.-** Section 585 of the consolidated text of the Insolvency Act provides that the debtor, whether a legal or natural person, may communicate to the court with competence for the insolvency declaration the existence of negotiations with its creditors, or the intention to open them immediately, to reach a restructuring plan that would enable it to overcome the situation of probable insolvency, imminent insolvency and even current insolvency in which it finds itself, although in the latter case it may make the communication up to the point at which an application for declaration of involuntary insolvency has not been admitted for processing.

That provision must be viewed in the context of sections 583 and 584 of the consolidated text of the Insolvency Act, which establish, respectively, the subjective and objective conditions for the pre-insolvency phase [*preconcurso*], conditions that are met in this case.

Moreover, the joint communication made by the debtors is permitted under section 587 of the consolidated text of the Insolvency Act.

**THREE.-** The communication has been made by a person authorized to make it in accordance with the sections envisaged in the previous subsection and, furthermore, it does not contain formal defects, and so it should be considered made with effect from the date on which it was submitted.

**FOUR.-** The effects of this communication will be those established in sections 594 to 606 of the consolidated text of the Insolvency Act.

## RULING

1.- INTERCEMENT TRADING E INVERSIONES, S.A., with tax identification number A36907798, and INTERCEMENT TRADING E INVERSIONES ARGENTINA, S.L., with tax identification number B27882059, are considered to have made the joint communication confirming that they have opened negotiations with their creditors to reach a restructuring plan.

2.- The communication was made on July 16, 2024 and takes effect from that date.

3.- The total amount of the liabilities, as indicated in the communication, is EUR 1,153,189,000 for INTERCEMENT TRADING E INVERSIONES, S.A. and EUR 335,599,448 for INTERCEMENT TRADING E INVERSIONES ARGENTINA, S.L.

4.- Publish this ruling in the Public Insolvency Register.

Traductor/Intérprete Jurado de Inglés
Núm. 6257

3





JUSTICE
ADMINISTRATION

Signed by: Jaime Mourenza Arriola

Date: 07/22/2024 10:59

URL electronic signature/ [text in Basque]: https://psp.justizia.eus/SCDD/index.html

SVC: 4802047002-241b8c4d7471l96338da8fe40dcba18I8wbDAA==

Any creditor may file an appeal for **REVIEW** before this court against this ruling on the basis of any of the grounds set out in section 590 of the consolidated text of the Insolvency Act. The appeal must be filed in a statement submitted to this judicial office within **FIVE BUSINESS DAYS** of the day after the registration of this ruling in the Public Insolvency Register or, in the case of enforcements under processing, of the notification of the ruling under which the court hearing the enforcement suspends it.

The filing of the appeal will not suspend the appealed ruling (section 454 bis of the Spanish Civil Procedure Act [*Ley de Enjuiciamiento Civil*]).

To file the appeal, a deposit of EUR 25 must be lodged. Appeals will not be admitted for processing in the absence of this deposit. The deposit will be lodged depositing that amount in the deposits and payments account opened by this court at BANCO SANTANDER, with account number 2755000000021124, stating in the deposit receipt reference field that it is an "Appeal" code 01-Review. The payment must be evidenced when filing the appeal (Additional Provision 15 of the Judiciary Act).

The persons included in subsection 5 of that provision and those who have been recognized the right to free legal aid are exempt from making the deposit.

I so order and sign.

The disclosure of the text of this ruling to third parties not concerned in the proceedings in which it has been issued may only be made after dissociating the personal data it contains and fully observing the right to privacy, the rights of people requiring a special duty of protection or the guarantee of anonymity for victims or injured parties, where appropriate.
The personal data included in this ruling will not be assigned or transferred for purposes contrary to the law.





DAVID RAPADO HERNÁNDEZ
4F90B067 PMJP 027392.00056
Traductor-Intérprete Jurado de Inglés
Núm. 6257

4

«Don David Rapado Hernández, Traductor Jurado de inglés, en virtud de título otorgado por el Ministerio de Asuntos Exteriores, Unión Europea y Cooperación, certifica que la que antecede es traducción fiel y exacta al inglés de un documento redactado en español.

En Madrid, a 24 de julio de 2024»

Mr. David Rapado Hernández, Sworn Translator and Interpreter of English, appointed by the Spanish Ministry of Foreign Affairs, European Union and Cooperation, hereby certifies that the preceding is a true and accurate translation into English of a document written in Spanish.

In Madrid, 24 July 2024.

Signature:

D. Rapado

**DAVID RAPADO HERNÁNDEZ**
Traductor-Intérprete Jurado de Inglés
Núm. 6257

**Notificación 23921024**

Decr tiene por efectuada la comunicacion arts. 585-588-590 TRLC
Órgano judicial: J.Mercantil nº 2 - Bilbao (Bilbao)
Procedimiento: Comunicación art. 5.3 de la Ley Concursal 0000211/2024 0
Fecha de la notificación: 24-07-2024 08:00:00
Marca del asunto:

| Intervención / Esku - hartzea | Interviniente / Esku-hartzea | Abogado / Abokatua | Procurador / Prokuradorea |
|---|---|---|---|
| Concursado / Konkurtsopekoa | INTERCEMENT TRADING E INVERSIONES ARGENTINA S.L INTERCEMENT TRADING E INVERSIONES ARGENTINA S.L | CARLOS ARA TRIADÚ | YOLANDA ECHEBARRIA GABIÑA |
| Concursado / Konkurtsopekoa | INTERCEMENT TRADING E INVERSIONES S.A. INTERCEMENT TRADING E INVERSIONES S.A. | CARLOS ARA TRIADÚ | YOLANDA ECHEBARRIA GABIÑA |

Protección de Datos:
El 'Órgano Jurisdiccional u Oficina Judicial' ante el que se presenten las demandas, las denuncias o los atestados, y los escritos de trámite, es el responsable del tratamiento encargado de la gestión de los procedimientos judiciales, que utilizará los datos de carácter personal con la finalidad que se derive de la aplicación de las leyes procesales. Los plazos y criterios de conservación serán los previstos en estas leyes.
Sólo se podrán ceder y/o comunicar datos a terceros (incluidos Órganos Judiciales internacionales) cuando así lo exija el trámite del procedimiento judicial o por obligación legal.
El derecho de acceso, rectificación, supresión y portabilidad de los datos de carácter personal, y la limitación u oposición a su tratamiento, se realizará de conformidad con las leyes procesales, debiéndose ejercer tal derecho ante los Juzgados y Tribunales. Así mismo también se podrá ejercer el derecho a reclamar ante el Consejo General del Poder Judicial que es la autoridad de Control para tratamientos con fines jurisdiccionales.

Datuen babesa:
Demandak, salaketak edo atestatuak eta izapide - idazkiak jasotzen dituen jurisdikzio - organoa edo bulego judiziala da prozedura judizialak kudeatzeaz arduratzen den tratamenduaren arduraduna, eta datu pertsonalak erabiliko ditu lege prozesalak aplikatzearen ondoriozko helbururako. Kontserbatzeko epeak eta irizpideak lege hauetan aurreikusitakoak izango dira.
Hirugarrenei(nazioarteko organo judizialak barne) datuak laga eta / edo jakinarazi ahal izango zaizkie soilik prozedura judizialaren izapideak hala eskatzen duenean edo legeak hala behartuta.
Datu pertsonalak eskuratzeko, zuzentzeko, ezabatzeko eta eramateko eskubidea, eta datuok tratatzeko muga edo aurkakotasuna lege prozesalen arabera gauzatuko dira, eta eskubide hori epaitegi eta auzitegietan erabili beharko da. Era berean, Botere Judizialaren Kontseilu Nagusiaren aurrean erreklamatzeko eskubidea ere baliatu ahal izango da, hura baita helburu jurisdikzionalak dituzten tratamenduak kontrolatzeko agintaritza.

4F90B067 PMJP 027392.00056

**DAVID RAPADO HERNÁNDEZ**

2 4 JUL. 2024

Traductor-Intérprete Jurado de Inglés
Núm. 6257

# Elementos de la notificación 23921024

- **J.Mercantil nº 2 - Bilbao (Bilbao)**
  - Comunicación art. 5.3 de la Ley Concursal 0000211/2024 0
    - Decr tiene por efectuada la comunicacion arts. 585-588-590 TRLC **(Documento principal)**

4F90B067 PMJP 027392.00056

**DAVID RAPADO HERNÁNDEZ**

2 4 JUL. 2024

Traductor-Intérprete Jurado de Inglés
Núm. 6257



Juzgado de lo Mercantil Nº 2 de Bilbao
Bilboko Merkataritza-arloko 2 zk.ko Epaitegia

C/ Barroeta Aldamar, 10 3ª Planta - Bilbao
94-4016688 - mercantil2.bilbao@justizia.eus
0000211/2024 Comunicación art. 5.3 de la Ley Concursal / Art. Komunikazioa Konkurtso Legearen 5.3
NIG: 4802047120240000773

**ADMINISTRACIÓN
DE JUSTICIA**

Firmado por:
Jaime Mourenza Arriola

Fecha: 22/07/2024 10:59

URL firma electrónica /Sinadura alektronikoaren URLa: https://psp.justizia.eus/SCDD/index.html

CSV: 4802047002-241b8c4747f1f96338da8fe40dcba18f8wbDAA==

## DECRETO Nº  000162/2024

**LETRADO DE LA ADMINISTRACIÓN DE JUSTICIA QUE LO DICTA:**
 D. Jaime Mourenza Arriola
**Lugar**: Bilbao
**Fecha**: 19 de julio del 2024

## ANTECEDENTES DE HECHO

**PRIMERO.-** La procuradora Sra. YOLANDA ECHEBARRIA GABIÑA, en nombre y representación de INTERCEMENT TRADING E INVERSIONES S.A. con CIF: A-36907798, y de INTERCEMENT TRADING E INVERSIONES ARGENTINA S.L, con CIF: B-27882059, ha presentado el 16 de julio de 2024 escrito en el que expone que sus representadas se encuentran en situación de INSOLVENCIA INMINENTE y comunican conjuntamente al juzgado que han iniciado negociaciones con sus acreedores para alcanzar un plan de reestructuración.

Afirma en la solicitud que INTERCEMENT TRADING E INVERSIONES S.A. tiene el centro de sus intereses principales en Bilbao.

**SEGUNDO.-** Expresa en la solicitud los bienes y derechos que considera necesarios para la continuidad de su actividad empresarial o profesional:

a) Bienes titularidad de ITI ESP:

- El 99,99% de las acciones que conforman el capital social de INTERCEMENT BRASIL S.A.

- El 100% de las participaciones que conforman el capital social de ITI ARG.

b) Bienes titularidad de ITI ARG: el 52,14% de las acciones de LOMA NEGRA COMPAÑÍA INDUSTRIAL ARGENTINA S.A.

Asimismo, se consideran contratos necesarios para la continuidad



1

4F90B067 PMJP 027392.00056

**DAVID RAPADO HERNÁNDEZ**

**2 4 JUL. 2024**

Traductor-Intérprete Jurado de Inglés
Núm. 6257



de la actividad de las Sociedades los relacionados a continuación:

- Contrato de arrendamiento de servicios con el objeto de cesión del despacho que constituye el domicilio social de ITI ESP de fecha 27 de septiembre de 2022 entre Spankor, S.L. e ITI ESP.

- Contrato de arrendamiento de servicios con el objeto de cesión del despacho que constituye el domicilio social de ITI ARG de fecha 7 de marzo de 2023 entre Spankor, S.L. e ITI ARG.

- Contrato de prestación de servicios de asesoramiento y gestión fiscal y laboral de fecha 13 de junio de 2023 entre Alea Asesoría Integral, S.L. e ITI ESP.

- Contrato de prestación de servicios de asesoramiento y gestión fiscal y laboral de fecha 13 de junio de 2023 entre Alea Asesoría Integral, S.L. e ITI ARG.

- Contrato de prestación de servicios para el ejercicio de la representación física de ITI ESP así como del cargo de administrador de fecha 1 de septiembre de 2022 entre ITI ESP y Laureano Arostegi Lacabex.

- Carta de Encargo para la prestación de servicios de auditoría de fecha 23 de octubre de 2023 entre ITI ESP y Ernst & Young, S.L.

- Carta de Encargo para la prestación de servicios de auditoría de fecha 25 de octubre de 2023 entre ITI ESP y Ernst & Young, S.L

No se indica que se sigan ejecuciones contra tales bienes.

**TERCERO.**- No consta que existan solicitudes de declaración de concurso necesario.

### FUNDAMENTOS DE DERECHO

**PRIMERO.-** De conformidad con lo establecido en el artículo 86 ter de la Ley Orgánica del Poder Judicial este juzgado tiene competencia objetiva para conocer de la comunicación realizada.

Es también territorialmente competente al tener en su demarcación territorial el centro de intereses principales la sociedad con mayor pasivo (artículo 587.3 del texto refundido de la Ley Concursal –TRLC–, aprobado

Firmado por:
Jaime Mourenza Arriola

URL firma electrónica/Sinadura elektronikoaren URLa: https://psp.justizia.eus/SCDD/index.html

Fecha: 22/07/2024 10:59

CSV: 4802047002-241b36c4d7471i96338da8fce40dcba18l8woDAA==



4F90B067 PMJP 027392.00056

**DAVID RAPADO HERNÁNDEZ**

2 4 JUL. 2024

Traductor-Intérprete Jurado de Inglés
Núm. 6257



ADMINISTRACIÓN
DE JUSTICIA

Firmado por:
Jaime Mourenza Arriola

URL firma electrónica /Sinadura elektronikoaren URLa: https://psp.justizia.eus/SCDD/index.html

CSV: 4802047002-241b8c4d747f1f96338da8fe40dcba18f8wbDAA==

Fecha: 22/07/2024 10:59

por Real Decreto Legislativo 1/2020).

**SEGUNDO.-** Dispone el artículo 585 del TRLC que el deudor, sea persona natural o jurídica, podrá comunicar al juzgado competente para la declaración del concurso la existencia de negociaciones con sus acreedores, o la intención de iniciarlas de inmediato, para alcanzar un plan de reestructuración que permita superar la situación en que se encuentre de probabilidad de insolvencia, de insolvencia inminente e, incluso, de insolvencia actual, si bien en este último caso podrá efectuar la comunicación en tanto no se haya admitido a trámite solicitud de declaración de concurso necesario.

Dicho precepto ha de ponerse en relación con los artículos 583 y 584 del TRLC que establecen, respectivamente, los presupuestos subjetivos y los presupuestos objetivos del preconcurso, presupuestos que se cumplen en este caso.

Por otro lado, la comunicación conjunta realizada por los deudores está permitida por el artículo 587 del TRLC.

**TERCERO.-** La comunicación ha sido realizada por persona facultada para ello según los artículos citados en el apartado anterior y, por otro lado, no presenta defectos formales, por lo que procede tenerla por efectuada con efectos a la fecha en que se presentó.

**CUARTO.-** Los efectos de esta comunicación serán los establecidos en los artículos 594 a 606 del TRLC.

### PARTE DISPOSITIVA

1.- Se tiene por efectuada por INTERCEMENT TRADING E INVERSIONES S.A. con CIF: A36907798, e INTERCEMENT TRADING E INVERSIONES ARGENTINA S.L con CIF: B27882059 la comunicación conjunta de que han iniciado negociaciones con sus acreedores para alcanzar un plan de reestructuración.

2.- La comunicación se ha realizado el 16 de julio de 2024 y produce sus efectos desde ese momento.

3.- El importe del pasivo total, según se indica en la comunicación, asciende a 1.153.189.000 euros de INTERCEMENT TRADING E INVERSIONES S.A. y a 335.599.448 euros de INTERCEMENT TRADING E INVERSIONES ARGENTINA S.L.

4.- Publíquese esta resolución en el Registro público concursal.



3

4F90B067 PMJP 027392.00056

**DAVID RAPADO HERNÁNDEZ**

2 4 JUL. 2024

Traductor-Intérprete Jurado de Inglés
Núm. 6257



ADMINISTRACIÓN
DE JUSTICIA

Firmado por:
Jaime Mourenza Arriola

URL firma electrónica/Sinadura elektronikoaren URL-a: https://psp.justizia.eus/SCDD/index.html

CSV: 4802047002-241b8c4747119633368a8fe40dcba16f8wbDAA==

Fecha: 22/07/2024 10:59

Contra esta resolución cualquier acreedor podrá interponer recurso de **REVISIÓN** ante este tribunal, fundado en alguno de los motivos indicados en el artículo 590 del TRLC. El recurso deberá interponerse mediante escrito presentado en esta oficina judicial en el plazo de **CINCO DÍAS** hábiles, contados desde el día siguiente a la inscripción de esta resolución en el Registro público concursal o, en el caso de ejecuciones en tramitación, desde la notificación de la resolución por la que la autoridad judicial que estuviera conociendo de la ejecución la suspenda.

La interposición del recurso no tendrá efectos suspensivos respecto de la resolución recurrida (artículo 454 bis de la LEC).

Para interponer el recurso será necesaria la constitución de un depósito de 25 euros, sin cuyo requisito no será admitido a trámite. El depósito se constituirá consignando dicho importe en la cuenta de depósitos y consignaciones que este juzgado tiene abierta en el BANCO SANTANDER con el número 2755000000021124, indicando en el campo concepto del resguardo de ingreso que se trata de un "Recurso" código 01-Revisión. La consignación deberá ser acreditada al interponer el recurso (DA 15.ª de la LOPJ).

Están exentos de constituir el depósito para recurrir los incluidos en el apartado 5 de la disposición citada y quienes tengan reconocido el derecho a la asistencia jurídica gratuita.

Lo decreto y firmo.

La difusión del texto de esta resolución a partes no interesadas en el proceso en el que ha sido dictada solo podrá llevarse a cabo previa disociación de los datos de carácter personal que el mismo contuviera y con pleno respeto al derecho a la intimidad, a los derechos de las personas que requieran un especial deber de tutela o a la garantía del anonimato de las víctimas o perjudicados, cuando proceda.
Los datos personales incluidos en esta resolución no podrán ser cedidos, ni comunicados con fines contrarios a las leyes.



4

4F90B067 PMJP 027392.00056

**DAVID RAPADO HERNÁNDEZ**

2 4. JUL. 2024

Traductor-Intérprete Jurado de Inglés
Núm. 6257

## EXHIBIT B

**Certified Translation of the Dutch Order**

# Ruling

**AMSTERDAM DISTRICT COURT**

Private Law Division

**Application for appointment of a restructuring expert and announcement of a cooling-off period**

Application numbers: C/l3/753552 FT RK 24.690 and C/l3/754123 FT RK 24.725

Date of Ruling: 31 July 2024

Ruling on the application with annexes, number C/l3/753552 FT RK 24.690, filed by:

**Redwood Master Fund, Ltd,**
based in the Cayman Islands,
hereinafter referred to as the investment fund,
attorneys: L.P. Kortmann, LLM, A.J.C.M. Meijs, LLM, and C.M.A. Knoben, LLM,

seeking appointment of a restructuring expert under Section 371 of the Bankruptcy Act with regard to the private company
**InterCement Financial Operations B.V.,**
having its registered office in Amsterdam,
registered with the Chamber of Commerce under number 34123771,
attorneys: E.R. Meerdink, LLM, F. Hengst, LLM, C.D. Veldman, LLM, and T.L. Ticheloven, LLM,

and on the application for a cooling-off period under Section 376 of the Bankruptcy Act, with annexes, number C/l3/754123 FT RK 24.725, filed by:

the private company
**InterCement Financial Operations B.V.,**
having its registered office in Amsterdam,
registered with the Chamber of Commerce under number 34123771,
hereinafter referred to as InterCement Nederland,
attorneys: E.R. Meerdink, LLM, C.D. Veldman, LLM, and T.L. Ticheloven, LLM,

## 1.   The proceedings

1.1.    The course of the proceedings is evidenced by the following case documents:
- the investment fund's application, with annexes, for appointment of a restructuring expert dated 10 July 2024 (hereinafter the RE application);
- a letter from F. Hengst, LLM, dated 11 July 2024;
- a letter from C. Knoben, LLM, dated 17 July 2024, adding exhibit 10 to the application;
- a letter from E. Meerdink, LLM, dated 17 July 2024, setting out InterCement Nederland's position and application, and a start-of-procedure declaration from InterCement Nederland, opting for a public procedure;

Application numbers: 753552 FT RK 24.690 and 754123 FT RK. 24.725

2

- InterCement Nederland's position and application for the announcement of a cooling-off period, with annexes, dated 17 July 2024;
- an email from C. Knoben, LLM, dated 17 July 2024, with additional exhibits;
- an email from Ticheloven, LLM, dated 18 July 2024, with an additional exhibit;
- the speaking notes of Kortmann, LLM, and Knoben, LLM, on behalf of the investment fund;
- the speaking notes of E.R. Meerdink, LLM, C.D. Veldman, LLM, and T.L. Ticheloven, LLM, on behalf of InterCement Nederland.

1.2.    The application was discussed at the public hearing on 18 July 2024, which was attended (via a video link or otherwise) by:

*for the investment fund:*
- L. Kortmann, LLM, and C. Knoben, LLM, attorneys in Amsterdam;

*for InterCement Nederland:*
- K. Skarbnik;
- M.A. Zangari;
- L. Brazinskas;
- M.P.A. Stoop;
- P. Mahabier;
- E. R. Meerdink, LLM, C.D. Veldman, LLM, T.L. Ticheloven, LLM, and T. Lorjé, LLM, attorneys in Amsterdam, and Y. Tikhonenkova, LLM, a colleague;
- R. Pansianotto, US local counsel, on behalf of White & Case;
- L. Almeida, a representative of the InterCement group;
- M.A. Zangar and K. Zouisner, interpreters;

*for UMB Bank N.A.:*
- T. Elseman, LLM, an attorney in Amsterdam.

## 2.    The facts

2.1.    InterCement Nederland is a financing company within a group of companies of which InterCement Participates S.A. is the ultimate parent company. The InterCement group (hereinafter the InterCement group) is originally a Brazilian company operating in the cement production industry. The group employs more than 6,000 people. The InterCement group has run into financial difficulties.

2.2.    In 2014, InterCement Nederland issued notes under the laws of New York (Notes), a sum of USD 750 million of which is still outstanding. On 17 July 2024, the Notes became due and payable in full, and individual noteholders have since been able to claim payment and to independently take legal action to enforce payment. UMB Bank N.A. acts as the trustee of the noteholders.

## 3.    The investment fund's application

3.1.    The investment fund has asked for a restructuring expert to be appointed. It does not appear from publicly available information that InterCement Nederland has the liquid assets available to be able to meet its obligations as of 17 July 2024. InterCement Nederland therefore is at risk of going bankrupt in the very short term. As far as is known, the debt arising from the Notes is InterCement Nederland's largest debt. The investment fund holds Notes. Because little or no information is being shared by the InterCement group right now, it is entirely unclear to the noteholders how InterCement

Application numbers: 753552 FT RK 24.690 and 754123 FT RK. 24.725

3

Nederland intends to pay its debts and whether and to what extent InterCement Nederland and the InterCement group are in fact able to do so.

3.2.    As one of the main stakeholders, the investment fund must be allowed a sufficient opportunity to properly determine and substantiate its viewpoint and legal position. The appointment of a restructuring expert is the appropriate way to examine whether a restructuring outside of a bankruptcy is still possible. Expediency is called for, but at the same time, safeguards must be put in place to ensure a proper and balanced process. InterCement Nederland's tangible assets consist of receivables payable by group companies. This means that, at least on the face of it, the directors of InterCement Nederland are confronted with a conflict of interest, thus necessitating the appointment of a restructuring expert. Moreover, a restructuring expert will be able to properly represent the legitimate interests of all creditors.

3.3.    At this time, it is not clear whether a pre-insolvency arrangement is the appropriate way to maximise the proceeds for creditors, or whether a bankruptcy is desirable. The restructuring expert to be appointed should first of all determine whether or not InterCement Nederland finds itself in a financial situation where a bankruptcy is unavoidable.

3.4.    On 15 July 2024, the InterCement group filed an application with both a Brazilian court and a US court for protection measures under insolvency law in connection with the restructuring of due and payable debts. In Brazil, a mediation procedure has commenced in that regard. It is unclear to the investment fund what that mediation will entail. The investment fund is of the opinion that this can and must go hand in hand with a procedure under the Court Approval of a Private Composition (Prevention of Insolvency) Act for InterCement Nederland under the auspices of a restructuring expert. The interests of the collective creditors, and the non-affiliated creditors in particular, will be served by the appointment of an independent restructuring expert. On the basis of documents and information to be provided, a restructuring expert can determine whether any group composition will not be at the expense of the collective creditors of InterCement Nederland and monitor the mediation taking place in Brazil between the InterCement group and its creditors. Appointing an observer, as proposed by InterCement Nederland, would not adequately protect the interests of the collective creditors, because an observer does not have sufficient powers.

3.5.    The investment fund has no objection to the granting of a cooling-off period, on the condition that the District Court appoints a restructuring expert. The cooling-off period should be granted for a period of two months, which is of course the period in which InterCement Nederland intends to offer a composition, as shown in the start-of-procedure declaration and the mediation in Brazil.

## 4.    InterCement Nederland's application and position

4.1.    InterCement Nederland has stated in writing that the application for appointment of a restructuring expert should be declared inadmissible or in any case should be dismissed. It has also asked for a cooling-off period of four months. It clarified its arguments in more detail at the hearing. Briefly, in so far as relevant , its arguments are as follows.

4.2.    As a member of the InterCement group, InterCement Nederland is involved in a complex restructuring requiring it to navigate multiple national and international processes so as to generate maximum proceeds for its creditors. The focus of the restructuring lies in Brazil. This is where the group's key assets are located. In Brazil, a thorough mediation process will be conducted in the coming period with designated representatives of various groups of creditors and stakeholders under the supervision of an experienced and independent mediator, with oversight being exercised by the

Application numbers: 753552 FT RK 24.690 and 754123 FT RK. 24.725

4

Sao Paolo District Court, under the protection of a 60-day cooling-off period announced there. Like other noteholders, the investment fund will be represented and involved in that process in several ways.

4.3.     In addition to financing through InterCement Nederland via the issue of Notes, the InterCement group also raised bank financing, i.e. a loan from Banco Bradesco BBI S.A. of approximately USD 279 million and three so-called debentures (fixed-rate securities) of approximately USD 826 million. It obtained a payment moratorium several times, but the debentures ultimately became due and payable as of 15 July 2024 because the 2024 Notes were not refinanced. InterCement Nederland issued USD 750 million worth of Notes. These have become due and payable, but InterCement Nederland is currently unable to repay these notes. Its assets consist of receivables payable by group companies that are subordinated to the debentures and which are also affected by a cooling-off period announced in Brazil.

4.4.     For several months now, InterCement Group has been negotiating with the holders of the debentures about a possible solution, which will also involve the noteholders. In order to create a stable platform for reaching a solution, a mediation process was recently launched under the auspices of a specialised Brazilian mediation court for restructuring and insolvency cases, with the aim of reaching an out-of-court agreement to restructure the InterCement group's debts. In that context, an initial meeting was held on 19 July 2024 with, inter alia, the Ad Hoe Group, of which the investment fund is also a member. On 16 July 2024, the Brazilian bankruptcy court ordered a cooling-off period of 60 days. In the United States of America, so-called Chapter 15 proceedings have commenced, and pre-insolvency measures have also been applied for in Spain.

4.5.     Attempts by individual noteholders, such as the investment fund, to 'do something' via InterCement Nederland, will disrupt the carefully structured process in Brazil. Appointing a restructuring expert, whose remit will be to (try to) engage with that process, will be counterproductive and, moreover, unnecessary at this point in time.

4.6.     InterCement Nederland is of the opinion that the application for appointment of a restructuring expert should be declared inadmissible or in any case dismissed, because (i) the investment fund does not qualify as a creditor, (ii) it is not authorised to file the application and (iii) appointing a restructuring expert will not be in the interests of the collective creditors. The investment fund does not qualify as a creditor within the meaning of Section 381(3) and (371) of the Bankruptcy Act because it is only the beneficial owner and not the legal owner of the Notes. Moreover, its application is at odds with the so-called 'no action clause' to which the investment fund is contractually bound (which also at the same time entails a *waiver of rights* under New York law).

4.7.     To prevent any further escalation by the investment fund and other noteholders, and to ensure a stable platform as needed for talks about a possible composition, InterCement Nederland filed a start-of-procedure declaration on 17 July 2024 and is seeking a general cooling-off period of four months. As confirmed in those documents, InterCement Nederland will offer a composition within two months. It refers to the ongoing mediation process in Brazil, in the context of which a cooling-off period of 60 days was also announced, during which the InterCement Group and its creditors involved will try to reach a consensus.

4.8.     If the District Court considers it appropriate to appoint an officer already at this stage, InterCement Nederland believes this should be an observer, whom the District Court can appoint ex officio.

Application numbers: 753552 FT RK 24.690 and 754123 FT RK. 24.725

5

## 5. The findings

Type of proceedings and jurisdiction

5.1.      Because these are the first applications in these proceedings, it should be determined first of all what type of proceeding has been opted for as referred to in Section 369(6) of the Bankruptcy Act. The question must also be examined as to whether the District Court has jurisdiction, including territorial jurisdiction, to hear and deal with the applications for appointment of a restructuring expert and for the announcement of a cooling-off period. According to the investment fund, jurisdiction can be inferred from Regulation (EU) No 2015/848 on insolvency proceedings (hereinafter referred to as the Regulation). As regards jurisdiction, InterCement Nederland has stated that it will defer to the District Court's opinion.

5.2.      The start-of-procedure declaration shows that InterCement Nederland has opted for a public composition procedure. InterCement Nederland is based in Amsterdam and operates its business there. The public composition procedure outside of bankruptcy is set out in Annex A to the Regulation. This means that, in view of the provisions of Article 3(1) of the Regulation, the District Court has jurisdiction to open these insolvency proceedings as main proceedings, given that the centre of InterCement Nederland's main interests is situated in the Netherlands. Under Section 369(8) of the Bankruptcy Act, the District Court has territorial jurisdiction to hear and deal with the applications.

5.3.      The public composition procedure and the jurisdiction of the District Court will therefore remain valid for the entire duration of the proceedings.

Cooling-off period

5.4.      Under Section 376 of the Bankruptcy Act, once a statement as referred to in Section 370(3) of the Act has been filed, the debtor or the restructuring expert (if appointed) may apply to the District Court for a cooling-off period. If no restructuring expert has been appointed yet and the application has been made by the debtor, either a composition must already have been offered or the debtor must promise to offer one within a maximum of two months.

5.5.      At the hearing, InterCement Nederland promised to offer a composition within two months. InterCement Nederland's application for a cooling-off period is therefore admissible.

5.6.      Under Section 376(4) of the Bankruptcy Act, the application for a cooling-off period must be granted if it is clear from a brief examination that the following three requirements are met: (1) it is necessary for the debtor to be able to continue its business during the preparations for and negotiations about a composition, (2) it will serve the interests of the collective creditors, and (3) the interests of third parties affected by the cooling-off period will not be materially affected.

5.7.      A brief examination of the application has shown that a cooling-off period will be necessary for InterCement Nederland to be able to continue its business during the preparations for and negotiations about a composition. With its application for appointment of a restructuring expert, the investment fund has shown that the noteholders do not hesitate to take action on an individual basis; it can by no means be ruled out that they will take further steps against InterCement Nederland in that regard if no cooling-off period is ordered. Given that, as part of the global restructuring process, cooling-off periods have already been announced in Brazil and the United States, it would be undesirable for individual noteholders or creditors to be able to initiate recovery

Application numbers: 753552 FT RK 24.690 and 754123 FT RK. 24.725

6

actions against InterCement Nederland and so to attempt to create a better position for themselves. That might jeopardise the creation of a composition (under the Court Approval of a Private Composition (Prevention of Insolvency) Act), whether or not as part of a global restructuring process. It can also reasonably be assumed on the basis of the foregoing that the interests of the collective creditors of InterCement Nederland will be served by a cooling-off period. There is no evidence that the interests of any creditor of InterCement Nederland will be materially harmed as a result.

5.9.      On the basis of the above, the District Court sees cause to order a general cooling-off period of four months, as requested, commencing on 1 August 2024.

5.10.     If any extension of the cooling-off period is applied for, the District Court will want to be informed of, among other things, the status of the composition offer.


<u>Appointment of an officer under the Court Approval of a Private Compensation (Prevention of Insolvency) Act</u>

5.11.     The investment fund has asked for the appointment of a
restructuring expert, and InterCement Nederland has objected to such appointment. According to InterCement Nederland, if it were necessary to involve a third party at all, that should be an observer.

5.12.     From the submissions put forward at the hearing, the District Court understands that the investment fund is of the opinion that InterCement Nederland (and the InterCement group) have so far provided insufficient information to their creditors, and it is feared that this will not change without further safeguards. According to the investment fund, it is important that a restructuring expert is appointed and tasked initially with overseeing the restructuring process in and from Brazil, so as to ensure that the interests of the creditors of InterCement Nederland are protected as effectively as possible. As the District Court understands the investment fund's position, the restructuring expert's remit should first and foremost be to oversee the process that is already ongoing, rather than independently offering a composition under the Court Approval of a Private Compensation (Prevention of Insolvency) Act.

5.13.     On the basis of the submissions put forward at hearing, the District Court sees cause to impose an ex officio measure entailing the appointment of an observer, pursuant to the provisions of Section 379(1) read in conjunction with Section 380(1) of the Bankruptcy Act. Under Section 380(1) of the Act, the observer's remit is to oversee the creation of the composition, taking into consideration the interests of the collective creditors and, in so far as relevant, the shareholders. Similar to the restructuring expert, in view of the provisions of Section 380(4) of the Bankruptcy Act read in conjunction with Section 371(7) and (8) of the Bankruptcy Act, the observer has a right to access all relevant information of the debtor and to obtain information from its executive directors, shareholders and, where appropriate, its supervisory directors. This should allow the observer to shape its supervisory task and, with that in mind, to monitor as closely as possible the debtor's preparations for and negotiations about a composition. Unlike the restructuring expert, the observer has no authority to prepare or offer a composition or to request the District Court to take measures.

5.14.     Unlike InterCement Nederland, which primarily adopts the position that the appointment of an independent officer as part of the process under the Court Approval of a Private Compensation (Prevention of Insolvency) Act would be of no added value, the District Court is of the opinion that it will in fact be appropriate to appoint an independent officer to act as observer. A *prima facie* case has been presented that the (non-affiliated) creditors of InterCement Nederland – i.e. the group of noteholders in particular – have so far hardly been heard in the restructuring process, which is largely

Application numbers: 753552 FT RK 24.690 and 754123 FT RK. 24.725

7

managed from Brazil. Nor has InterCement Nederland made it clear how this process ensures, or will ensure, that their specific interests, as creditors at the level of the Dutch entity, are being taken into account. On the other hand, unlike the investment fund, in the given circumstances, the District Court is of the opinion that the appointment of an observer will suffice. This is also in line with the role that the investment fund itself has in mind for the restructuring expert it wishes to see appointed. After questions at the hearing, the District Court understands that this role (initially) largely comes down to a role as supervisor, who is to ensure that the interests of the creditors of InterCement Nederland are sufficiently protected in the proceeding under the Court Approval of a Private Compensation (Prevention of Insolvency) Act to be set up as part of the global restructuring, and that those creditors are provided with sufficient information in that regard.

5.15 The District Court will therefore appoint an observer ex officio.

Person of the observer

5.12.     The District Court must then determine whom it will appoint as observer.

5.13.     Both the Investment fund and InterCement Nederland have submitted three quotations from potential restructuring experts and observers, respectively.

5.14.     The District Court has examined the quotations in the light of the issues outlined by the parties and the various (types of) stakeholders involved.

5.15.     In principle, the District Court considers all proposed candidates to be suitable. On the basis of the quotations submitted, coupled with the issues identified, the international context and the (tense) relationships between parties, the District Court deems F. Verhoeven, LLM, to be the appropriate person to act as observer. There have been no specific objections to his appointment. Verhoeven, LLM, has informed the Clerk of the Court that he will accept the appointment as observer.

5.16.     If the observer finds that InterCement Nederland will not be able to reach a composition, or that the interests of the collective creditors of InterCement Nederland will be harmed, he will immediately need to inform the District Court and, if necessary, request the District Court to withdraw his appointment. If it subsequently turns out that a composition might still be feasible, the District Court may conclude that it is desirable to
appoint a restructuring expert to take over preparations for a composition (cf. Section 380(2) of the Bankruptcy Act). The District Court does not, at this point, wish to rule out the possibility that the observer himself might be appointed as restructuring expert in such case.

5.17.     The District Court deems it appropriate to determine that the observer inform the District Court of the progress of the composition within two months of the date of this ruling. This must be done by means of a written report.

Miscellaneous

5.18.     As the situation stands, the investment fund's application for appointment of a restructuring expert, and the procedural and substantive objections submitted against the application by InterCement Nederland, need not be discussed in further detail. The application will therefore be denied.

## 6.   The decision

The District Court:

Application numbers: 753552 FT RK 24.690 and 754123 FT RK. 24.725

8

6.1.      orders a cooling-off period as referred to in Section 376 of the Bankruptcy Act for a period of four months, commencing on 31 July 2024, meaning:

- that any right of third parties to recover against any goods that are part of InterCement Nederland's assets, or to repossess any goods that are within the control of InterCement Nederland, cannot be exercised other than with the authorisation of the District Court, provided that such third parties have been informed of the cooling-off period or are aware of the fact that a composition is being offered;

6.2.      dismisses the application for appointment of a restructuring expert;

6.3.      appoints as observer F. Verhoeven, LLM, PO Box 75505, 1070 AM Amsterdam;

6.4.      instructs the observer, after two months after the date of this ruling, to submit a written report to the District Court in the manner as set out in 5.17 above with regard to the progress of the composition;

6.5.      instructs the observer to prepare and send to the District Court a cost estimate for his services and for those of any third party to be consulted by him within two weeks of today, and adjourns its decision on the maximum cost of the services of the observer and any such third party;

6.6.      orders that said costs will be payable by InterCement Nederland and that it must provide security for payment of those costs to the satisfaction of the observer before the observer commences work;

6.7.      orders InterCement Nederland to provide the observer with all such information as requested, in the manner as determined by the observer, to give the observer access to all such locations as may be necessary for him to perform his duties, and to provide the observer with all such other assistance as may be necessary for him to perform his duties;

6.7.      orders InterCement Nederland to inform the observer of its own accord about any facts or circumstances which it knows or should know to be important for the observer to be able to properly perform his duties.

This ruling was issued by A.E. de Vos, LLM, President, and R.P. van Eerde, LLM, and K.M. van Hassel, LLM, Judges, in the presence of F.T.M. Bruning, Clerk of the Court, and pronounced in public on 31 July 2024.

# acolad.

**Acolad Netherlands**
**Van Heuven Goedhartlaan 121, 1181KK Amstelveen**

## Translation certificate

The **Dutch** document entitled:

**Intercement - beschikking 31-7-2024**

has been translated into **English** by a professional team of translators (suppliers' ID's: 6019922268 & 6019713923) who work exclusively into their mother tongue.

This document has been handled according to our quality procedures and to the generally applied international standards.

We hereby declare that, to the best of our knowledge and belief, this translation is linguistically correct, accurate and complete and that it reflects the content of the original document.

The translation was returned on 6-Aug-24.

|  | Name & Company | Signature | Date |
|---|---|---|---|
| **Translated by** | Acolad Netherlands | Santiago Nidd (Team Lead) | 6-Aug-24 |