WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020-1095
(212) 819-8200
John K. Cunningham
Thomas E. MacWright
Ricardo M. Pasianotto

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (admitted *pro hac vice*)
Amanda Parra Criste (admitted *pro hac vice*)

111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
(312) 881-5400
Jason N. Zakia (admitted *pro hac vice*)

*Attorneys for Antonio Reinaldo Rabelo Filho,
as Petitioner and Foreign Representative*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>InterCement Brasil S.A.,[1]<br><br>Debtors in a Foreign Proceeding. | Case No. 24-11226 (MG)<br><br>Chapter 15<br><br>(Jointly Administered) |

**PETITIONER'S REPLY TO THE AD-HOC GROUP OF
IC FINANCIAL NOTEHOLDERS' LIMITED OBJECTION AND
RESERVATION OF RIGHTS REGARDING THE PETITIONER'S
<u>MOTION FOR EXTENSION OF PROVISIONAL RELIEF</u>**

---

[1] The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: InterCement Brasil S.A. (01-36–Brazil); InterCement Participações S.A. (01-22–Brazil); InterCement Financial Operations B.V. (3771–Netherlands); and InterCement Trading e Inversiones S.A. (7798–Spain).

Antonio Reinaldo Rabelo Filho, (the "**Petitioner**")[1] the duly-authorized foreign representative of Chapter 15 Debtors,[2] by and through undersigned counsel, submits the following reply in further support of its *Motion for Extension of Provisional Relief Pursuant to 11 U.S.C. §§ 105(a), 362, and 1519* [ECF No. 29] (the "**Motion**") and in response to *The Ad-Hoc Group of IC Financial Noteholders' Limited Objection and Reservation of Rights Regarding the Petitioner's Motion for Extension of Provisional Relief* [ECF No. 36] (the "**Limited Objection**"):

## REPLY

1. The Ad Hoc Group's sole objection in its Limited Objection relevant to the relief sought in the Motion is that the Petitioner is effectively requesting a permanent injunction because no recognition hearing has been scheduled. That objection is without merit and misstates the relief sought by the Petitioner in the Motion. It is common practice for chapter 15 courts to order the imposition of a provisional stay pending a decision on recognition without a specific time limitation.[3] Indeed, the Initial Provisional Relief Order only contains such a temporal limitation because the stay in the Mediation Process was limited to 60 days and could not be extended in Brazil. Moreover, the accusation that the Petitioner intended for the further provisional stay it seeks in the Motion to be open-ended is simply not true. Before filing the Motion, the Petitioner's counsel previewed the relief with the Ad Hoc Group's counsel two days ago and made clear that the parties should discuss an appropriate litigation schedule for a recognition hearing. And that is what happened. The parties met and conferred yesterday and agreed to ask the Court to hold a recognition hearing within the next 60 days, subject to the Court's availability. The Petitioner

---

[1] The case number for the Brazilian EJ Proceeding before the Brazilian Bankruptcy Court is the same case number assigned to the Brazilian Mediation, Case No. 1111483-72.2024.8.26.0100.

[2] Capitalized terms not otherwise defined in this reply shall have the meanings given to such terms in the Verified Petition or Verified Supplement.

[3] *Serviços de Petróleo Constellation S.A.*, No. 18-13952 (MG) (Bankr. S.D.N.Y. Dec. 6, 2018), ECF No. 29.

intends to file a motion contemporaneously herewith that will request such proposed hearing date. This should resolve the Ad Hoc Group's only substantive objection to the relief requested in the Motion.

2.  The remainder of the Limited Objection is a litany of allegations that address matters not relevant to the relief requested in the Motion. While Petitioner disputes and will fully respond to the Ad Hoc Group's claims at the appropriate time (with the appropriate evidence), we briefly address a few points now to correct the record.

3.  First, the Ad Hoc Group's allegation that it was excluded from the Mediation Process is not true. The Ad Hoc Group participated in several mediation sessions conducted by the court-appointed Brazilian mediator. To support these mediation sessions, the Company negotiated and entered into a confidentiality agreement with advisors to the Ad Hoc Group (which they later terminated themselves) and made many documents available. The Ad Hoc Group complains that the information in the Mediation Process was insufficient, yet they were provided access to a confidential virtual data room maintained by the Company for the Mediation Process. The Ad Hoc Group also had the right to present any objections to the Mediation Process to the Brazilian Bankruptcy Court but did not do so. Indeed, at the hearing in these Chapter 15 Cases before this Court on July 17, 2024 (attended by the Ad Hoc Group's counsel), undersigned counsel for the Petitioner emphasized the availability of the Brazilian Bankruptcy Court to hear any concerns by creditors regarding the Mediation Process:

> One other point, if [at] any point during the 60 days [in the Mediation Process], any party believes that the Debtor is not meeting its obligation to engage in good faith in the mediation process, any creditor has the right to go to the Brazilian court and if the Brazilian court finds that the debtor is not meeting its obligation, the stay would be terminated early. And so, that is part of the supervision of the mediation process that the law provides with regard to the Brazilian bankruptcy judge. *See* July 17, 2024, Hearing Transcript at p. 13.

3

4. While it is true that the Ad Hoc Group provided the Company with a forbearance proposal for an out-of-court negotiation process, the Company did not completely ignore or disregard that proposal. Rather, in its written response to the Ad Hoc Group the Company explained that this suggestion was unworkable for a number of reasons, including the requirement that the Company pay professionals' fees and grant liens on collateral to the Noteholders, which would have prejudiced the Company's other unsecured creditors.

5. Second, the Ad Hoc Group's complaints with respect to the EJ Plan are premature and not relevant to the request for provisional relief requested in the Motion. Any objections to the EJ Plan or process should be addressed to the Brazilian Bankruptcy Court, as the court of first instance, and the Ad Hoc Group (which is well represented by Brazilian counsel) will have the opportunity to do so. Additionally, as described in the Verified Supplement, the EJ Plan is in its initial preliminary stages and currently has insufficient support for confirmation by the Brazilian Bankruptcy Court. The EJ Debtors must procure additional support from impaired creditors before it can submit the EJ Plan for approval by the Brazilian Bankruptcy Court. If the EJ Plan is confirmed by the Brazilian Bankruptcy Court over objections, if any, by the Ad Hoc Group, they will also have the opportunity to be heard by this Court in the future if the Petitioner seeks an order in these Chapter 15 Cases granting full force and effect of that EJ Plan in the United States.

6. Finally, the Ad Hoc Group's assertion that ITI and IC Financial have conceded that COMI is not in Brazil is also incorrect (as well as premature). The issue of COMI will be fully litigated in connection with recognition before this Court under U.S. law, and the Court is not being asked in the Motion to make any COMI findings today. Moreover and regardless of their assertions, the Petitioner also has requested in the alternative that the Brazilian Proceeding be recognized as foreign non-main proceedings (which would not require a finding of COMI in

Brazil).[4]  And while the Ad Hoc Group certainly may reserve its right to request discovery in connection with recognition, the Petitioner likewise reserves its right to oppose any such discovery, including if the Ad Hoc Group's discovery requests are not relevant to this Court's determination of recognition.

*[Remainder of page intentionally left blank]*

---

[4] While Petitioner will demonstrate at the recognition hearing that the COMI of each of IC Financial and ITI is in Brazil, for purposes of the current motion this Court need only find a likelihood of success that the Brazilian Proceeding itself will be recognized as either a foreign main or foreign non-main proceeding.

Dated: September 19, 2024
New York, New York

    Respectfully submitted,

    WHITE & CASE LLP

    By:  /s/ *Thomas E. MacWright*
        Thomas E. MacWright

    **WHITE & CASE LLP**
    1221 Avenue of the Americas
    New York, New York 10020-1095
    (212) 819-8200
    John K. Cunningham
    Thomas E. MacWright
    Ricardo M. Pasianotto
    jcunningham@whitecase.com
    tmacwright@whitecase.com
    ricardo.pasianotto@whitecase.com

    Southeast Financial Center
    200 South Biscayne Blvd., Suite 4900
    Miami, Florida 33131
    (305) 371-2700
    Richard S. Kebrdle (admitted *pro hac vice*)
    Amanda Parra Criste (admitted *pro hac vice*)
    rkebrdle@whitecase.com
    aparracriste@whitecase.com

    111 South Wacker Drive, Suite 5100
    Chicago, Illinois 60606
    (312) 881-5400
    Jason N. Zakia (admitted *pro hac vice*)
    jzakia@whitecase.com

    *Attorneys for Antonio Reinaldo Rabelo Filho,*
    *as Petitioner and Foreign Representative*