UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> InterCement Brasil S.A., *et al.*,[1] <br><br> Debtors in a Foreign Proceeding. | ) <br> ) <br> ) Case No. 24-11226 (MG) <br> ) <br> ) Chapter 15 <br> ) <br> ) (Jointly Administered) <br> ) |

**ORDER EXTENDING PROVISIONAL RELIEF**

Upon the Petitioner's *Motion for Extension of Provisional Relief Pursuant to 11 U.S.C. §§ 105(a), 362, and 1519* dated September 17, 2024 (the "Motion") [ECF No. 29],[2] filed on behalf of Antonio Reinaldo Rabelo Filho (the "Petitioner" or the "Foreign Representative") the duly-authorized foreign representative of InterCement Brasil S.A. ("ICB"), InterCement Participações S.A. ("ICP"), InterCement Financial Operations B.V. ("IC Financial"), and InterCement Trading e Inversiones S.A. ("ITI," together with ICB, ICP, and IC Financial, the "Chapter 15 Debtors") in the jointly-administered extrajudicial proceeding (*recuperação extrajudicial*) (the "Brazilian EJ Proceeding")[3] of the Chapter 15 Debtors and certain of their affiliated debtors commenced on September 16, 2024 under Federal Law No. 11.101 of February 9, 2005 (as modified, the "Brazilian Bankruptcy Law"), of the laws of the Federative Republic of Brazil, pending before the 1st Bankruptcy and Restructuring Court of São Paulo (the "Brazilian Bankruptcy Court"), seeking entry of an Order (this "Order") granting the provisional relief requested in the Motion (together,

---

[1] The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: InterCement Brasil S.A. (01-36 – Brazil); InterCement Participações S.A. (01-22 – Brazil); InterCement Financial Operations B.V. (3771 – Netherlands); and InterCement Trading e Inversiones S.A. (7798 – Spain).

[2] Capitalized terms used but not otherwise defined shall have the meanings ascribed to them in the Motion.

[3] The case number for the Brazilian EJ Proceeding before the Brazilian Bankruptcy Court is 1111483-72.2024.8.26.0100.

the "Requested Relief") in the above-captioned chapter 15 cases (the "Chapter 15 Cases"); and this Court having considered (i) the Motion, (ii) the Forms of Voluntary Petition, (iii) the Verified Petition and the *Petitioner's Verified Supplement to Verified Petition for Recognition of the Brazilian Proceeding and Motion for Extension of Provisional Relief* [ECF No 30] (the "Verified Supplement" and, together with the Verified Petition, the "Petition"), along with the exhibits annexed thereto, (iv) the Brazilian Counsel Declaration, and (v) the statements of counsel at the hearing on the Motion held before the Court on September 19, 2024 (the "Hearing"); and appropriate and timely notice of the filing of the Motion and the Hearing having been given; and no other or further notice being necessary or required; and after due deliberation and sufficient cause appearing therefor:

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. The Court has jurisdiction over this matter pursuant to sections 157 and 1334 of title 28 of the United States Code and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.).

C. This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United

2

States Code.

D.     Venue is proper in this district pursuant to sections 1409(a) and 1410 of title 28 of the United States Code.

E.     The statutory basis for the relief requested consists of sections 1519, 1521(a)(7), 105(a) and 362 of the Bankruptcy Code.

F.     The Brazilian EJ Proceeding is pending in the City of São Paulo, State of São Paulo, Brazil.

G.     On July 15, 2024, the Petitioner commenced these Chapter 15 Cases under chapter 15 of the Bankruptcy Code.

H.     The Court is authorized to enter the provisional relief sought by the Petitioner in the Motion under sections 1519 and 105(a) of the Bankruptcy Code.

I.     The provisional relief set forth herein is urgently needed to protect the assets of the Chapter 15 Debtors and the interests of their creditors pending the Court's consideration of the pending application to recognize the Brazilian EJ Proceeding, as required by 11 U.S.C. § 1519(a).

J.     The provisional relief set forth herein is warranted and satisfies 11 U.S.C. § 1519(e).

K.     The interests of the Chapter 15 Debtors' creditors and other interested entities, including the Chapter 15 Debtors, are sufficiently protected in the Court's grant of the provisional relief set forth herein, as required by 11 U.S.C. § 1522(a).

L.     Based on the pleadings filed to date, the Court concludes that the Petitioner has demonstrated a substantial likelihood that the Court will recognize the Brazilian EJ Proceeding as requested in the Petition.

M.     The Petitioner has demonstrated that there is a material risk that the Chapter 15

Debtors will suffer irreparable harm in the absence of the provisional relief set forth herein.

N. Granting the provisional relief set forth in this Order will preserve the *status quo* and not result in significant harm to nonmoving parties. Any harm that conceivably could result to nonmoving parties by granting the provisional relief set forth in this Order is less than the irreparable harm that would result to the Chapter 15 Debtors and creditors if such provisional relief were not granted.

O. Granting the provisional relief set forth in this Order will serve the public interest in that, among other things, such provisional relief is necessary to realize the intent and objectives of chapter 15 in this case pursuant to 11 U.S.C. § 1501(a).

P. For purposes of this Order and the relief granted herein, the balance of harms favors granting the provisional relief set forth herein.

Q. Due to the nature of the relief requested, no security is required under Rule 65(c) of the Federal Rules of Civil Procedure, pursuant to Bankruptcy Rule 7065, if applicable, or otherwise.

R. Appropriate notice of the filing of, and the Hearing on, the Motion was given, which

**NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Requested Relief is granted as set forth herein.

2. Section 362 of the Bankruptcy Code shall apply with respect each of the Chapter 15 Debtors and their property located within the territorial jurisdiction of the United States.

3. Notwithstanding anything to the contrary contained herein, nothing in this Order serves to grant any injunction that is prohibited under section 1519(d) of the Bankruptcy Code.

4. This Order is without prejudice to the right of any creditor or party-in-interest to seek relief from this Order if circumstances so warrant.

5.       Notwithstanding anything to the contrary contained herein or provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Petitioner is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Petitioner is authorized and empowered, and may, in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

6.       This Order shall remain in full force and effect from the date hereof until the date on which a final determination is made by this Court with respect to the Petition and the request for recognition of the Brazilian EJ Proceeding with respect to each of the Chapter 15 Debtors, and an order is entered in these Chapter 15 Cases giving effect to such determination.  For the avoidance of doubt, nothing in this Order (a) constitutes a final determination by this Court regarding the Petitioner's request for recognition of the Brazilian EJ Proceeding, or (b) shall limit or restrict any actions or proceedings outside of the territorial jurisdiction of the United States by any creditor or party-in-interest with respect to any or all of the Chapter 15 Debtors or their property located outside of the territorial jurisdiction of the United States, and all rights of all creditors and parties-in-interest to object to the relief sought in the Petition are expressly reserved.

7.       Copies of this Order shall be served via email, first class mail, or overnight courier to the Notice Parties. Such service of this Order shall constitute sufficient service and notice, and no other or further service or notice shall be required.

8.       This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order.

*[Remainder of page intentionally left blank]*

**IT IS SO ORDERED.**

Dated:  September 20, 2024
        New York, New York

                                          **/s/ Martin Glenn**
                                          MARTIN GLENN
                                Chief United States Bankruptcy Judge