WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020-1095
(212) 819-8200
John K. Cunningham
Thomas E. MacWright
Ricardo M. Pasianotto

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (admitted *pro hac vice*)
Amanda Parra Criste (admitted *pro hac vice*)

111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
(312) 881-5400
Jason N. Zakia (admitted *pro hac vice*)

*Attorneys for Antonio Reinaldo Rabelo Filho,
as Petitioner and Foreign Representative*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| InterCement Brasil S.A.,[1] | Case No. 24-11226 (MG) |
| | Chapter 15 |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

**STATEMENT NOTIFYING THE COURT OF
DEVELOPMENTS IN THE FOREIGN PROCEEDINGS IN
BRAZIL PURSUANT TO 11 U.S.C. § 1518 AND 28 U.S.C. § 1746**

---

[1] The debtors in these chapter 15 cases (the "**Chapter 15 Cases**"), along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: InterCement Brasil S.A. (01-36–Brazil); InterCement Participações S.A. (01-22–Brazil); InterCement Financial Operations B.V. (3771–Netherlands); and InterCement Trading e Inversiones S.A. (7798–Spain).

I, Antonio Reinaldo Rabelo Filho, (the "**Petitioner**" or the "**Foreign Representative**")[2] the duly-authorized foreign representative of InterCement Brasil S.A. ("**ICB**"), InterCement Participações S.A ("**ICP**"), InterCement Financial Operations B.V. ("**IC Financial**"), and InterCement Trading e Inversiones S.A. ("**ITI**" and, together with ICB, ICP, and IC Financial, the "**Chapter 15 Debtors**") in the jointly-administered extrajudicial proceeding (*recuperação extrajudicial*) (the "**Brazilian EJ Proceeding**") commenced by the Chapter 15 Debtors and certain of their affiliated debtors under Federal Law No. 11.101 of February 9, 2005 (as modified, the "**Brazilian Bankruptcy Law**"), of the laws of the Federative Republic of Brazil, and which is pending before the 1st Bankruptcy and Restructuring Court of São Paulo (the "**Brazilian Bankruptcy Court**"), by and through my undersigned counsel, submit this statement pursuant to section 1518 of title 11 of the United States Code to inform this Court of recent developments regarding the Brazilian EJ Proceeding and state as follows:[3]

**The InterCement Group Filed a Petition for a Brazilian RJ Proceeding**

1. For the past several months the Chapter 15 Debtors and their affiliated debtors in the Brazilian EJ Proceeding (the "**EJ Debtors**") have been engaged in discussions with Brazilian company Companhia Siderúrgica Nacional ("**CSN**") and certain creditors (and/or their advisors) subject to the Brazilian EJ Proceeding regarding a potential transaction that would serve as the foundation for the restructuring of the InterCement Group. Despite the efforts of the EJ Debtors, however, the parties were unable to reach an agreement in the timeline required under the Brazilian

---

[2] The case number for the Brazilian EJ Proceeding before the Brazilian Bankruptcy Court is the same case number assigned to the Brazilian Mediation, Case No. 1111483-72.2024.8.26.0100.

[3] Capitalized terms not otherwise defined in this statement shall have the meanings given to such terms in the *Petitioner's Declaration and Verified Petition for Recognition of the Brazilian Proceeding and Granting Related Relief Pursuant to 11 U.S.C. §§ 105(A), 1515, 1517, 1520 and 1521* [ECF no. 2] and the *Petitioner's Verified Supplement to Verified Petition for Recognition of the Brazilian Proceeding and Motion for Extension of Provisional Relief* [ECF No. 30].

Bankruptcy Law to proceed with the confirmation of the reorganization plan submitted by the EJ Debtors in the Brazilian EJ Proceeding. Accordingly, on December 3, 2024, the EJ Debtors (including the Chapter 15 Debtors), along with their parent, Mover Participações S.A., and other affiliates (collectively, the "**RJ Debtors**"), filed a petition with the Brazilian Bankruptcy Court to commence a new and separate *recuperação judicial* ("**RJ**") reorganization proceeding under the Brazilian Bankruptcy Law (the "**Brazilian RJ Proceeding**").

2. Pursuant to the Brazilian Bankruptcy Law, RJ is a debtor-in-possession court-supervised reorganization proceeding under which the RJ Debtors will have a 180-day stay period against creditor actions to negotiate and submit a new plan of reorganization in the new Brazilian RJ Proceeding. This new reorganization proceeding in Brazil will allow the RJ Debtors to continue exploring alternatives for a value-maximizing RJ plan under the supervision of the Brazilian Bankruptcy Court (before the same judge as in the Brazilian EJ Proceeding) for the benefit of all stakeholders. Upon acceptance of the Brazilian RJ Proceeding by the Brazilian Bankruptcy Court, the EJ Debtors will move to dismiss the Brazilian EJ Proceeding. Until the Brazilian EJ Proceeding is dismissed, all the protections thereunder for the EJ Debtors (including the Chapter 15 Debtors) remain in place.

3. As the Brazilian RJ Proceeding is a new reorganization case pursuant to the Brazilian Bankruptcy Law (separate from the Brazilian EJ Proceeding), the Foreign Representative will file new chapter 15 cases with the Court on behalf of the same Chapter 15 Debtors to seek recognition of the Brazilian RJ Proceeding promptly and to seek to maintain the same provisional stay of creditor action against the Chapter 15 Debtors in the United States pending such recognition under 11 U.S.C. § 1519(a) (as currently exists pursuant to this Court's order [ECF no. 40] in connection with these Chapter 15 Cases). Furthermore, counsel to the Foreign Representative has

3

already reached out to counsel to the ad hoc group of IC Financial's noteholders (the "**AHG**") to discuss the Brazilian RJ Proceeding and the ensuing steps with respect to the relief to be considered by the Court.

\* \* \* \*

Dated: December 3, 2024
New York, New York

    Respectfully submitted,

    WHITE & CASE LLP

    By: */s/ John K. Cunningham*
        John K. Cunningham

    **WHITE & CASE LLP**
    1221 Avenue of the Americas
    New York, New York 10020-1095
    (212) 819-8200
    John K. Cunningham
    Thomas E. MacWright
    Ricardo M. Pasianotto
    jcunningham@whitecase.com
    tmacwright@whitecase.com
    ricardo.pasianotto@whitecase.com

    Southeast Financial Center
    200 South Biscayne Blvd., Suite 4900
    Miami, Florida 33131
    (305) 371-2700
    Richard S. Kebrdle (admitted *pro hac vice*)
    Amanda Parra Criste (admitted *pro hac vice*)
    rkebrdle@whitecase.com
    aparracriste@whitecase.com

    111 South Wacker Drive, Suite 5100
    Chicago, Illinois 60606
    (312) 881-5400
    Jason N. Zakia (admitted *pro hac vice*)
    jzakia@whitecase.com

    *Attorneys for Antonio Reinaldo Rabelo Filho,*
    *as Petitioner and Foreign Representative*